472 So.2d 392 (1985)
William BURGE
v.
STATE of Mississippi.
No. 55569.
Supreme Court of Mississippi.
June 5, 1985.
Rehearing Denied July 24, 1985.
*394 J. Kennedy Turner, Philadelphia, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal follows the conviction of William L. Burge on the charge of manslaughter by culpable negligence under Miss. Code Ann. § 97-3-47 (Supp. 1984) for which he has been sentenced to twelve years imprisonment.
On appeal, Burge contends that the lower court erred in: (1) overruling his request for a peremptory instruction and subsequent motion for judgment of acquittal notwithstanding the verdict of the jury, (2) refusing to grant his motion for a new trial made on grounds the jury verdict was against the weight of the evidence, and (3) allowing the State to question Burge regarding his failure to flee when assaulted by the deceased.
The heart of this appeal is the all too familiar Weathersby[1] wolf cry. Although his version of the homicide was the only one the jury had before it, Burge overlooks that his story suggests reasonable inferences consistent with guilt. We affirm.

II.
On September 22, 1983, Juanita Calloway was fatally wounded by William L. Burge, the Defendant below and the Appellant here. Burge had driven Calloway in his car to his home in order to get a longsleeved shirt. The two argued over the fact that Calloway was apparently sleeping with one of her sons. Calloway displayed a knife. Burge, who carried a gun to shoot the snakes which lived in the walls of his house, pulled his gun, pointed it at Calloway and cocked it. The two continued to argue, and with the knife still drawn and the gun still pointed, Burge attempted to push Calloway back into his car. When Burge pushed Calloway, her hand hit the gun causing it to discharge and strike her. Burge immediately placed Calloway in his car and attempted to rush her to the hospital, but his car began to run out of gas so he stopped by a tire store and had an ambulance called. Calloway expired momentarily.
When the police arrived, Burge read and signed his waiver of Miranda[2] rights and gave an oral statement basically identical to his later testimony at trial.
Burge was formally charged with the manslaughter of Juanita Calloway by culpable negligence in an indictment returned by the Grand Jury of Neshoba County, Mississippi and filed on February 7, 1984. The case was called for trial a week later, on Tuesday, February 14, 1984. At the trial the sole description of the events of September 22, 1983, was that provided by Burge, both in his own testimony and in the testimony of Sheriff J.A. Phillips, Jr. regarding Burge's oral statement made shortly after the homicide. What Burge told Sheriff Phillips, as related by Sheriff Phillips at trial, did not vary materially from Burge's trial testimony.
At trial, the prosecution extensively cross-examined Burge regarding why he did not flee, but rather pulled a gun, when confronted by Calloway with a knife.
At the conclusion of all of the evidence, Burge requested a peremptory instruction of "not guilty" which was denied. Thereafter, the case was submitted to the jury accompanied by liberal instructions encompassing the defense theories of the case, including instructions regarding justifiable *395 homicide by reason of self-defense as well as excusable homicide by reason of accident or misfortune. With respect to Burge's plea of self-defense, the jury was correctly instructed that the State was required to "prove beyond a reasonable doubt that William Burge did not act in self-defense" before a guilty verdict could be returned.
The jury was further instructed that Burge was under no duty to flee when Calloway first appeared with a knife and that he had the right to stand his ground and employ reasonable force in defending against any threat she posed. Beyond that, the jury was given a Weathersby instruction to the effect that Burge was the only eye witness to the killing and that his version of what happened, if reasonable, had to be accepted as true unless substantially contradicted in material particulars by the physical facts or by facts of common knowledge.
Having received these instructions, the jury retired to consider its verdict and shortly thereafter found Burge guilty as charged. The Circuit Court thereupon sentenced Burge to the custody of the Mississippi Department of Corrections for a term of twelve years.
Burge filed timely a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial which on February 21, 1984, was overruled. This appeal has followed.

III.

A.
By virtue of the positive law of this state, the killing of a human being by the culpable negligence of another and without authority of law is made felonious and is denominated manslaughter. Miss. Code Ann. § 97-3-47 (Miss. 1972). Elaborating upon this rule, we have held that culpable negligence includes conduct evincing a reckless disregard for the value of human life or the conscious or wanton disregard of, or utter indifference to, the safety of another. See Gandy v. State, 373 So.2d 1042, 1046 (Miss. 1979); Campbell v. State, 285 So.2d 891, 893 (Miss. 1973); Grinnell v. State, 230 So.2d 555, 558 (Miss. 1970); Moore v. State, 238 Miss. 103, 109, 117 So.2d 469, 471 (1960).
On the other hand, our law provides that the killing of a human being is not unlawful when committed in the defense of one's own person where there be reasonable grounds to apprehend a design on the part of the person killed to do some great personal injury and coupled with imminent danger of such design being accomplished. Miss. Code Ann. § 97-3-15(f) (Supp. 1984). Such a killing is in our law labeled justifiable homicide and is not punishable. By the same token, the killing of a human being is excusable homicide and hence not punishable when committed by accident or misfortune in the doing of a lawful act by lawful means with usual and ordinary caution and without any unlawful intent. Miss. Code Ann. § 97-3-17(a) (1972).

B.
These rules well in mind, we recall that the evidence in this case is essentially without dispute. The only version of what happened to Juanita Calloway is that provided by William L. Burge. The question suggested is whether that evidence is reasonably susceptible of differing interpretations and inferences such that it was within the province of the jury to decide whether, on the one hand, Burge was guilty of manslaughter by culpable negligence or, on the other hand, whether the homicide was justifiable or excusable. Procedurally, the question is posed to us via Burge's first assignment of error that the trial judge erred in refusing to grant his motion for judgment of acquittal notwithstanding the verdict which, of course, was a renewal of his request for a peremptory instruction made at the conclusion of all of the evidence.
Burge asks this Court to hold, as a matter of law, that the evidence is insufficient to support the verdict and that he *396 must be finally discharged. The standards of review we employ when considering such an assignment of error are familiar. We must consider all of the evidence, not just the evidence which supports the State's case, in the light most favorable to the State. May v. State, 460 So.2d 778, 781 (Miss. 1984). This Court must accept as true the evidence which supports the verdict. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). The State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Glass v. State, 278 So.2d 384, 386 (Miss. 1973). If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the assignment of error should be sustained. On the other hand, if there is substantial evidence in the record of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions regarding the guilt of the defendant, we have no authority to disturb the jury's verdict. May v. State, 460 So.2d 778, 781 (Miss. 1984).
Burge invokes here a refinement of this premise announced originally in Weathersby v. State, 165 Miss. 207, 209, 147 So. 481, 482 (1933), to the effect that, where the defendant is the only eyewitness to a homicide, his version of what happened, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by credible evidence, physical facts or facts of common knowledge. May v. State, 460 So.2d 778, 782 (Miss. 1984); Westbrook v. State, 202 Miss. 426, 432, 32 So.2d 251, 252 (1947).
We emphasize that in this case the record reflects no material contradictions with Burge's version of the physical facts of what happened on September 22, 1983. This is not one of those cases which can be taken out of the Weathersby rule merely because the defendant's thesis is contradicted in material particulars. Cf. May v. State, 460 So.2d 778, 782 (Miss. 1984); Smith v. State, 394 So.2d 1367, 1369-70 (Miss. 1981); Johnson v. State, 346 So.2d 927, 929 (Miss. 1977).
Our task in this case is to take the facts as given by Burge, both through his own testimony and through the testimony of Sheriff Phillips, and then determine whether, given those facts and circumstances, a reasonable and fair-minded jury could have found beyond a reasonable doubt that Burge's conduct violated the general statutory prohibition upon the killing of another by culpable negligence. In other words, our question is not whether the evidence conflicts but what conclusions may reasonably be drawn from the uncontradicted evidence.
To begin with, the jury could reasonably have determined that, although Juanita Calloway was holding a knife, Burge was in no imminent danger of great personal injury. Miss. Code Ann. § 97-3-15(f). On the other hand, the evidence is uncontradicted that Burge drew a gun and cocked it and aimed it at Calloway. We regard it as well within the jury's province to consider this as a reckless indifference to human life. Bruce v. State, 349 So.2d 1068, 1070-71 (Miss. 1977); Robertson v. State, 153 Miss. 770, 776, 121 So. 492, 493 (1928).
In saying these things we are sensitive to the fact that a rational, fair-minded jury could well have found Burge not guilty. Cases such as this force upon us the reality that our self-imposed limited scope of review of jury verdicts is at best "the least imperfect way we have of ..." resolving such matters. As in Culbreath v. Johnson, 427 So.2d 705 (Miss. 1983)
Were we to substitute our view [of the reasonable inferences that may be drawn from] the facts for the... [jury's], one thing could be said with certainty: the chances of error in any findings we might make would be infinitely greater than is the case where those findings are made by ... [twelve citizens, peers of the defendant, who are on the scene and smell the smoke of the battle].
 427 So.2d at 708.
*397 We emphasize that the jury was generously instructed regarding Burge's theories of defense. When the applicable standards, as described above, including the Weathersby rule, are applied to the evidence in this case, affirmance on this assignment of error is required. The trial judge correctly denied Burge's request for a peremptory instruction as well as his subsequent motion for judgment of acquittal notwithstanding the verdict of the jury.

C.
Burge next argues that the verdict of the jury was against the greater weight of the evidence and evinces bias, passion and prejudice. He urges that, even if we find the evidence sufficient to withstand his motion for judgment of acquittal notwithstanding the verdict, we should nevertheless vacate the judgment of conviction and remand for a new trial, citing Mister v. State, 190 So.2d 869 (Miss. 1966) and Quarles v. State, 199 So.2d 58 (Miss. 1967). Here in effect Burge is appealing from the trial judge's refusal to grant his motion for a new trial.
We recall that, while the motion for judgment of acquittal notwithstanding the verdict presents to the Court a pure question of law, the motion for a new trial is addressed to the sound discretion of the trial court. Neal v. State, 451 So.2d 743, 760 (Miss. 1984). When he moves for a new trial, a defendant in a criminal case necessarily invokes Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice which in pertinent part provides:
The court on written notice of the defendant may grant a new trial on any of the following grounds:
(1) if required in the interest of justice;
(2) if the verdict is contrary to law or the weight of the evidence; ... .
Under our established case law, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence. May v. State, 460 So.2d 778, 781 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). We will disturb that determination by the trial judge only when convinced that the trial judge has abused the discretion so vested in him. We hold that on this record the trial judge acted well within his discretion when he denied Burge's alternative motion for a new trial. See May v. State, 460 So.2d 778, 781-82 (Miss. 1984).

IV.
The prosecuting attorney cross-examined Burge extensively regarding why he did not back off or flee when Calloway pulled a knife on him. Burge contends that such cross-examination gave the jurors the erroneous impression that Burge was under a duty to flee and was not allowed to stand his ground. There is no doubt but that Burge is correct in his interpretation of the law regarding a duty to flee when threatened. See Cook v. State, 467 So.2d 203, 210-211 (Miss. 1985) (citing numerous cases).
Burge's problem, however, is that the jury was specifically instructed in Instruction D-9 that Burge was under no duty to flee but rather had the right to stand his ground. Given the fact that whether Burge was acting in reckless disregard for human life was the jury issue, whether he chose to flee, if he could have done so, would legitimately be part of the jury's deliberations regarding just how cavalier his attitude was towards the well-being of Calloway.
Since the jury was properly instructed regarding the law, and the area of the questioning was legitimately focused upon the issue the jury was charged to resolve, there is no merit in this assignment of error.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Weathersby v. State, 165 Miss. 207, 209, 147 So. 481, 482 (1933).
[2] Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966).