479 So.2d 1093 (1985)
Robert WINSTON
v.
STATE of Mississippi.
No. 56054.
Supreme Court of Mississippi.
October 30, 1985.
Rehearing Denied December 4, 1985.
William E. Andrews, Jr., Purvis, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal follows the conviction of Robert Winston in the Circuit Court of Lamar County, Mississippi, on the charge of burglary of an inhabited dwelling, Miss. Code Ann. § 97-17-21 (1972), upon which he has been sentenced to twelve (12) years imprisonment.
On appeal, Winston contends that the lower court erred:
(1) in overruling his motion of quash the indictment;
(2) in overruling his motion for a directed verdict at the conclusion of the State's case in chief and his subsequent motion for *1094 judgment of acquittal notwithstanding the verdict of the jury, and
(3) in refusing to grant his alternative post-trial motion for a new trial made on grounds that the jury verdict was against the weight of the evidence.
We have considered each assignment of error with care and have studied and reviewed the course of proceedings in the trial court. Having done so, we find no error and affirm.

II.
Joanna Showers in March of 1984 was an 84 year old semi-invalid widow who lived alone in her home in a housing project in Lumberton, Mississippi. She had retired early on the evening of March 3, 1984, thinking nothing was amiss. At approximately 11:00 p.m. on that evening Showers was awakened by Robert Winston as he was "coming out from under her bed". Winston had no permission to be in Showers' home, much less under her bed.
Prior to the night in question, Joanna Showers had lost the keys to her home. Winston's sister, Carolyn, later advised her that she had given the keys to Robert Winston.
The screen door on Showers' house was in good condition prior to March 3. Upon investigation thereafter, law enforcement officers determined that the screen had been cut in a manner adequate to allow one to open the screen door and then gain entrance to the house with keys.
Winston was formally charged with the burglary of an inhabited dwelling in an indictment returned on June 6, 1984, by the Lamar County Grand Jury. The matter was called for trial in circuit court on June 20, 1984. At the conclusion of the State's case in chief, Winston moved the court for direction of a verdict of acquittal. The motion was denied. Alternatively, Winston moved that the jury be instructed to find him guilty of malicious trespass only. That motion also was denied. At that time Winston rested without offering any evidence. In due course thereafter, the jury returned a verdict of guilty as charged. The 25 year old Winston was thereupon sentenced to twelve years imprisonment.[1]
On June 5, 1984, Winston filed a motion for judgment of acquittal notwithstanding the verdict of the jury or, in the alternative, for a new trial. On the same day, the trial judge overruled and denied these alternative post-trial motions. This appeal has followed.

III.
Winston charges that the trial court erred in overruling his motion to quash the indictment. The indictment charges that Winston broke and entered Showers' home with intent to steal her personal property. Winston's point is that the indictment does not describe with specificity the item or items Winston intended to steal once inside Showers' home.
The indictment, in pertinent part, charges that:
On the 3rd day of March, A.D., 1984, Robert Winston did wilfully, unlawfully, feloniously, and burglariously break and enter a certain dwelling house, property of Joanna Showers, in which house at the time thereof, that Joanna Showers, a human being, was situated therein, and the said defendant did wilfully, unlawfully, feloniously and burglariously break and enter the said dwelling house with the felonious intent of him, the said defendant, to commit a crime therein, to-wit: to take, steal and carry away the personal property of value of the said Joanna Showers, therein being stored and kept for use, contrary to and in violation of § 97-17-21 of the Mississippi Code of *1095 1972, as amended, against the peace and dignity of the State of Mississippi.
Winston correctly notes that the crime of burglary has two essential elements, the unlawful breaking and entering and the intent to commit some crime once entry has been gained. Moore v. State, 344 So.2d 731, 735 (Miss. 1977); Thames v. State, 221 Miss. 573, 577, 73 So.2d 134, 136 (1954); Brumfield v. State, 206 Miss. 506, 507, 40 So.2d 268 (1949). He claims the indictment here inadequate in charging the second element  the intent to commit a crime therein  in that he was not told what specific item of personal property he is charged with intending to steal. To be sure, the indictment does charge generally Winston's intent "to take, steal and carry away the personal property of the said Joanna Showers, ... ." Winston overlooks the fact that it is his intent to commit some crime rather than his actual commission of it which is the matter to be charged.
A matter such as this regarding the legal sufficiency of the indictment turns on the face of the indictment, without regard to the proof that may have followed at trial. Still a brief look at the evidence in this case makes clear just how specious Winston's point is. Winston was unsuccessful in stealing anything. In such cases it may often be difficult, if not impossible, to specify a particular item which was the object of the burglar's design. Anomaly if not absurdity would attend the bungling burglar's avoidance of prosecution because the State can't guess what it was he would like to have stolen had he not been foiled in the attempt. The point, of course, is that it is the intent to commit some felony, i.e., larceny, once inside the house which, when coupled with the breaking and entering, makes up the offense of burglary.
Questions regarding the adequacy of indictments are tested by Rule 2.05 of our Uniform Criminal Rules of Circuit Court Practice which requires that an indictment contain:
A plain, concise and definite written statement of the essential facts constituting the offense charged and ... fully [notify] the defendant of the nature and cause of the accusation against him.
To be sure, the wording of this indictment is quite stiff. Winston no doubt needed a lawyer to understand it, but he had a lawyer and one quite competent. Between the two of them they should have had no reasonable difficulty in understanding that Winston was charged with all that the State had to charge him with to constitute the crime of burglary of an inhabited dwelling in violation of Section 97-17-21. See Hines v. State, 472 So.2d 386, 390 (Miss. 1985); Thames v. State, 454 So.2d 486, 487 (Miss. 1984); Henderson v. State, 445 So.2d 1364, 1367-68 (Miss. 1984). The assignment of error is denied.

IV.
Winston next charges that the trial judge erred when he overruled Winston's motion for a directed verdict of acquittal made at the conclusion of the State's case, as well as his renewal of the point via his post-trial motion for judgment of acquittal notwithstanding the verdict of the jury. Here Winston tests the legal sufficiency of the evidence to sustain the conviction entered against him and specifically charges that the evidence is lacking on the breaking and entering feature of the charge against him.
The standards of review we employ when considering such an assignment of error are familiar. We must consider all of the evidence, not just the evidence which supports the State's case, in the light most favorable to the State. May v. State, 460 So.2d 778, 781 (Miss. 1984). This Court must accept as true the credible evidence which supports the verdict. Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). The State must be given the benefit of all favorable inferences that may reasonable by drawn from the credible evidence. Burge v. State, 472 So.2d 392, 396 (Miss. 1985). If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the assignment of error should be sustained. On the other *1096 hand, if there is substantial evidence in the record of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions regarding the guilty of the defendant, we have no authority to disturb the jury's verdict. May v. State, 460 So.2d 778, 781 (Miss. 1984).
Miss. Code Ann. § 97-17-21 (1972), as amended, recites the essentials of breaking and entering in Mississippi:
... by forcibly bursting or breaking the wall, or an outer door, window or shutter, of a window of such a house, or the lock or bolt of such door, or the fastening of such window or shutter, or by breaking in in any other manner. ... [emphasis added].
The key word and phrase relevant to the case at bar are "forcibly", and "or by breaking in in any other manner." Even a cursory examination of case law shows that the force used to make an entry may be slight. In Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965), this Court noted that:
[t]he breaking may be established by proof of the slightest use of force in entering. "By breaking is meant any act of force, regardless of how slight, necessary to be used in entering the building  the turning of a knob, a slight push to further open the door, the rising of a latch  these and like acts are sufficient." Gross v. State, 191 Miss. 383, 2 So.2d 818 (1914).
175 So.2d at 631.
The evidence at trial reveals that:
(1) on the night entrance was made, the screen door was slit in a position adjacent to the key entrance to the inner door lock;
(2) the screen door was not cut before Joanna Showers retired for the night;
(3) the inner door behind the screen door and another entrance to the house were both locked;
(4) Joanna Showers had lost her keys, and testified as follows:
When I missed my keys  I kept them in my  when I missed my keys, I said, "Somebody got my keys  I don't know how they had them." I said, "Somebody got my keys," and I said, "Carolyn [Winston's sister]," I said, "Where is my keys?" She said, "Robert got your keys." I said, "How did he get them?" She said, "I give them to him."
(5) that Joanna Showers was awakened by Winston at 11:00 p.m., upon his emerging from beneath her bed where he had earlier apparently secreted himself;
(6) that the house entered was an apartment rented by Joanna Showers and was not that of Winston's, and that Winston had not been given permission to enter;
(7) that Joanna Showers was at the time resident in said apartment, being physically present in the bed beneath which Winston was discovered;
(8) and that Winston, upon being challenged by Joanna Showers, promptly left the premises.
A reasonable inference, which may be drawn from the above testimony, is that Winston's sister purloined the keys to Showers' home and that Winston, having been given the keys, cut the screen to obtain access to the keyhole in the inner door, and used the key to gain his entrance. It may be inferred that Winston regarded the elderly, semi-invalid Showers an easy mark, but apparently his plans went awry and he secreted himself under her bed. His less than adroit exit attempt awakened Showers who has unequivocably identified Winston as the intruder. Moreover, the evidence is undisputed that Winston had no permission to be in the dwelling. The act of exerting sufficient force to slit the screen door is sufficient to constitute the breaking and entering contemplated by Section 97-17-21. The assignment of error is denied.

V.
Winston's final assignment of error is the trial judge's refusal to grant his alternative post-trial motion for a new trial. *1097 Here Winston argues that the verdict is contrary to the overwhelming weight of the evidence and evinces bias, passion and prejudice on the part of the jury.
A motion for a new trial following a jury's verdict is addressed to the sound discretion of the trial court. Burge v. State, 472 So.2d 392, 396 (Miss. 1985); Neal v. State, 451 So.2d 743, 760 (Miss. 1984). When he moves for a new trial, a defendant in a criminal case necessarily invokes Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice which in pertinent part provides:
The court on written notice of the defendant may grant a new trial on any of the following grounds:
(1) if required in the interest of justice;
(2) if the verdict is contrary to law or the weight of the evidence; ... .
Under our established case law, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the weight of the evidence. Burge v. State, 472 So.2d 392, 397 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984). We will disturb that determination by the trial judge only when convinced that the trial judge has abused the discretion so vested in him. We hold on this record that the trial judge acted well within his discretion when he denied Winston's alternative motion for a new trial.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The record reflects that this is not Winston's first encounter with the criminal processes of this state. He has two prior felony convictions, an assault on a law enforcement officer and a previous burglary. He has also been convicted of two misdemeanors, shoplifting and obstructing justice. The crime of burglary of an inhabited dwelling of which Winston now stands convicted carries a maximum penalty of fifteen years imprisonment. Miss. Code Ann. § 97-17-21 (1972).