656 So.2d 1186 (1995)
Michael Joe ALFORD
v.
STATE of Mississippi.
No. 92-KA-00407-SCT.
Supreme Court of Mississippi.
June 8, 1995.
*1187 Fred L. Cooper, Columbia, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before PRATHER, P.J., and BANKS and SMITH, JJ.
SMITH, Justice, for the Court:
Michael Joe Alford was tried in the Circuit Court of Marion County, found guilty of burglary of an inhabited dwelling and sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Aggrieved, Alford appeals to this Court citing the following issues:
I. THE TRIAL COURT ERRED IN FAILING TO DIRECT A VERDICT OF NOT GUILTY, OR IN THE ALTERNATIVE, GRANTING PEREMPTORY INSTRUCTION NO. D-7.
II. THE VERDICT OF THE JURY WAS AGAINST THE WEIGHT OF THE EVIDENCE AND EVIDENCED A BIAS OR PREJUDICE ON THE PART OF THE JURY AGAINST THE APPELLANT.

III. THE TRIAL COURT ERRONEOUSLY ALLOWED THE STATE TO USE APPELLANTS PRIOR CONVICTION OF GRAND LARCENY *1188 TO IMPEACH APPELLANT'S TESTIMONY.

Alford consolidated issues I and II which are meritorious and warrant discussion. Alford waived issue III which we need not address. After a thorough review of the consolidated issues we are of the opinion that Alford's contention that the State failed to prove the necessary element of criminal intent once Alford was inside the dwelling is meritorious. Thus the State failed to prove the burglary of an inhabited dwelling.
However, the jury in the case sub judice was given an instruction for trespass. Trespass is a lesser included offense of every burglary. The jury found Alford guilty of the greater crime of burglary. The facts in evidence proved conclusively beyond a reasonable doubt that Alford committed the offense of trespass. We find no need for a new trial for this offense. Therefore, by authority of Anderson v. State, 290 So.2d 628 (Miss. 1974), this Court reverses the conviction of burglary, affirms the lesser included offense of trespass, and remands for resentencing in accordance with this opinion.

STATEMENT OF THE FACTS
Greg Cooper, a detective with the Marion County Sheriff's Department was dispatched at 3:00 a.m. on August 9, 1991, to investigate a break-in at the residence of Laura Lambert. Cooper stated that there were scratch marks and pry marks on the front door of the trailer, apparently caused by a screwdriver or knife. Cooper identified the defendant, Michael Joe Alford, in the courtroom as the man he arrested on August 12, 1991. Cooper testified that he had read Alford his Miranda rights. Alford signed the form acknowledging that he understood his rights, yet he waived his rights and spoke to Cooper. Cooper read the Miranda form at trial.
Cooper stated that Alford was not under the influence of alcohol or narcotics when he waived his Miranda rights. Cooper stated that Alford responded and answered his questions, and did not invoke his right to remain silent.
Michelle McDaniel testified that on August 9, 1991, she was 13 years old and living with her grandmother. She watched television that night and went to bed at approximately 10:00 p.m. McDaniel stated that about 12:00 or 1:00 a.m. she heard a door squeak. She asked who was there and she heard a voice say "It's me." When she asked who "me" was she said the voice replied "Mike." At that point she screamed for her grandmother, telling her that "Mike's in the house." McDaniel stated that when she got out of bed, Alford "pulled my arm and told me not to go tell my grandmaw. So that's all  and he pull [sic] my arm." McDaniel claimed he also pushed her. McDaniel stated that Alford was holding his shoes in his hand and he put them on by the washing machine in the trailer. McDaniel identified Alford in the courtroom.
McDaniel testified that Alford left the trailer by the back door which he had to unlock before leaving. McDaniel said the back door was always locked. McDaniel stated that Lambert had welcomed Alford in the trailer before, but he was not welcomed inside on that night. On cross-examination, McDaniel stated that she smelled alcohol on Alford, but she did not know if he was drunk. Lambert could not testify at trial because she was in the hospital.
Alford requested a directed verdict. The court stated that "I'm not sure about the locked doors. I think there's been enough evidence to show the doors were locked, but even if they weren't locked, you could still have a breaking and entering by turning the door knob and coming in, from my understanding of the law." The court believed the elements of burglary had been met and denied the directed verdict. The court was not sure whether an assault occurred, but believed there was enough evidence for the jury to consider the issue.
Michael Joe Alford testified that he was thirty years old, that he knew Lambert and recalled going to the trailer between 9:00 p.m. and 12:00 p.m. on August 9, 1991. He testified that he had known McDaniel since she was four, if not younger. Alford said the former sheriff, Webbie McKenzie, dropped him off at Lambert's trailer. Alford stated that he did not know why he took his shoes off, and he did not have a knife, or anything *1189 similar, with him. He said the back door was not locked and "I stuck my head in and picked my feet up and went on in and walked around to her room." Alford stated that he had spent the night there before, but that was years before. When asked whether he ever attempted to open the front door, he replied: "No, sir-ree, I did not."
Alford stated that he had been to the trailer before and knew that Lambert kept the screen with the steel door locked. He stated that he went to talk with McDaniel about some keys he had, "and that was as fer [sic] as it went." When he got in McDaniel's room, he realized he startled her and asked her not to wake up her grandmother. He said McDaniel told him "You could have killed me," and she was scared, but he stated "I ain't gonna kill you. I'll kiss you before I kill you." Regardless, McDaniel awakened Lambert, and Alford went with McDaniel to Lambert's room and talked with Lambert. Alford testified that she asked him how he got in, and what was he doing there. He said Lambert "was getting on to me a little bit, you know  fussing at me like a mother, which she kind of is cause she's known me a long time... . I've stayed there a week at a time cause I didn't have a place to stay back then, you know. I was kind of roaming around, you know." Alford stated that Lambert told him there would not be any trouble and not to come back late at night again. He stated he locked the door as he left. Alford stated he had been drinking whiskey that night "cause I just got out of jail."
Alford stated that it was normal for him to visit people at three o'clock in the morning because he didn't have a car and he got stranded. Alford claimed that he needed to make phone calls to be picked up. He further stated that the police would come "behind me and says I was harassing and aggravating this woman, and I said, `I don't know what you talking about, aggravation. All I asked was could I use the phone, and she said no, and I left.'" He only asked the people that he knew for permission to make phone calls.
Alford stated that he had no intention of harming McDaniel, he only wanted to talk to her, and he did not keep her in the room when he grabbed her arm. Alford testified that he had been convicted for grand larceny in 1984.
Alford was convicted of burglary and sentenced to ten years at the Mississippi Department of Corrections. At sentencing Alford admitted that he had a drinking problem that he believed he had inherited from his father. The court ordered that he be given treatment and evaluation while at Parchman.

DISCUSSION OF LAW
This Court has held that the standard of review for "a denial of a judgment notwithstanding the verdict and a peremptory instruction are the same... . Our standards of review for a denial of a judgment notwithstanding the verdict and a directed verdict are also identical." Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss. 1993); See also Smith v. State, 646 So.2d 538, 542 (Miss. 1994). The Court will
consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, [we are] required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.
Id. citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1283-84 (Miss. 1992).
Alford is correct in arguing that the two elements of the offense of burglary are:
(1) breaking and entering the dwelling house of Laura Lambert at a time when the dwelling was occupied by Laura Lambert and her granddaughter, Michelle McDaniel, and (2) for the purpose of committing the crime of assault upon Michelle McDaniel once inside. Both of these elements must be proved as charged in the indictment. Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949).
*1190 Whether Alford came through the front door by use of force or the rear door avails Alford little for argument purposes. Any effort, however slight, such as the turning of a door knob to enter, constitutes a breaking, as was readily admitted by Alford in his brief.
In Newburn v. State, 205 So.2d 260 (Miss. 1967), the Court further stated that "[w]e have repeatedly held that evidence of the slightest force necessary to open an entrance into a dwelling house is sufficient to satisfy the essential element of breaking under the charge of burglary of an inhabitant's dwelling." Id. at 263; see also Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965).
In Smith v. State, 499 So.2d 750, 752 (Miss. 1986), the Court stated that "breaking" is "any act or force, however, slight, `employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.'". Id. quoting State v. Jolly, 297 N.C. 121, 254 S.E.2d 1 (1979). Without a doubt, Alford entered the trailer unannounced, whether he came in the back door that may or may not have been locked, or whether he tried or did enter the front door that showed evidence of being pried open. Alford is clearly guilty of a breaking and entering.
The element of the offense of burglary which presents the State more difficulty in its proof was Alford's intent to commit a crime once inside the dwelling. Alford did not threaten to cause bodily injury to McDaniel, thus there is no evidence of intent to commit an assault. The only physical contact involved was Alford touching Michelle's shoulder or tugging on her arm. This contact was incidental. Alford argues the evidence does not justify the verdict since he was not there to commit an assault and that even the trial court was not sure whether there was assault. The State, of course, argues that Alford intended to commit a crime, and there is "ample evidence from which specific intent, and attempted assault can be easily inferred."
Section 97-17-21, Miss. Code Ann. 1972, defines "Burglary; inhabited dwelling as:
Every person who shall be convicted of breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein, either by forcibly bursting or breaking the wall, or an outer door, window or shutter, of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter, or by breaking in any other manner, or with the assistance of one or more confederates, then present and assisting, or by unlocking an outer door by means of false keys, or by picking the lock thereof, shall be guilty of burglary, and imprisoned in the penitentiary not less than seven years nor more than fifteen years.
See also Ross v. State, 603 So.2d 857 (Miss. 1992); Winston v. State, 479 So.2d 1093 (Miss. 1985). (The crime of burglary has two essential elements: "the unlawful breaking and entering and the intent to commit some crime once entry has been gained.") Id. at 1095 citing Moore v. State, 344 So.2d 731, 735 (Miss. 1977).
In Davis v. State, 611 So.2d 906 (Miss. 1992), the Court stated that to "justify a conviction of burglary, it is necessary not only to show that a person entered a building of another person, but in addition that at the time he did so, he intended to commit a crime therein. The intent to commit a crime therein must co-exist with the physical act of entry." Id. at 911, citing Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949); Gross v. State, 191 Miss. 383, 2 So.2d 818 (1941).
In the case at bar there is no showing of evidence of intent on Alford's part to commit a crime. In fact, Alford seems to be prone to wander about the neighborhood during the wee hours of the morning, only going to people's houses that he knows. In fact, Alford was delivered to Lambert's trailer by a former sheriff. The tugging or possible pushing on McDaniel was merely to persuade her to keep her quiet so he could speak to her and to attempt to get her not to awaken Lambert. There is no doubt that they knew each other. Once McDaniel determined who was in her room, her testimony does not indicate that she believed her life was in *1191 jeopardy. While she was scared and startled because of Alford's presence which made her scream for Lambert, there is no evidence that Alford came to assault, rob, rape, or steal anything. The facts in this case, in accordance with this Court's prior case law, do not indicate a burglary.
The State alleged simple assault in the indictment and attempted to prove an assault upon McDaniel at trial. Section 97-3-7, Simple assault; reads in part:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm ... (emphasis added)
The facts of this case simply do not conform with any part of § 97-3-7. Alford did not use a deadly weapon, nor did he cause any type of bodily injury to McDaniel. Proof of fear of death or fear of serious bodily harm was not presented to the jury for consideration. The State failed to prove all elements required for burglary of a dwelling.
However, the jury was given an instruction for trespass. This Court has stated that trespass "is a lesser included offense to every burglary." Harper v. State, 478 So.2d 1017, 1021 (Miss. 1985), citing Gillum v. State 468 So.2d 856, 861 (Miss. 1985); Wells v. State, 305 So.2d 333, 338 (Miss. 1974).
The Harper Court noted that Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984), holds "that lesser included offense instructions may be denied only where the evidence would justify a conviction on the principal charge only. The evidence in this case is not such that under Ruffin it would justify a conviction on the principal charge of burglary only." Id. at 1021.
In Dedeaux v. State, 630 So.2d 30 (Miss. 1993) the Court revisited its decision in Clemons v. State, 473 So.2d 943 (Miss. 1985), wherein it held "the facts would not support a conviction of murder but the evidence did establish guilt of manslaughter. The case was remanded for resentencing for the crime of manslaughter." Id. at 33. The Court held in Dedeaux that the facts supported the charge of manslaughter instead of murder and accordingly reversed and remanded for resentencing for the crime of manslaughter. Id.
This Court has followed a similar procedure of remand for resentencing for the lesser included offense in cases charging possession with intent to distribute when the proof of such charge is insufficient, yet the proof conclusively establishes simple possession. Jowers v. State, 593 So.2d 46, 47-48 (Miss. 1992).
In Wells v. State, 305 So.2d 333 (Miss. 1974), the Court reversed the murder conviction and remanded for resentencing for manslaughter because the evidence in the case was not sufficient to support a conviction for murder. Id. at 337, 340. The Court considered other criminal cases where it reversed and remanded for sentencing for a lesser crime when the lesser crime was a "constituent of the offense charged in the indictment." Id. at 337-38, citing Anderson v. State, 290 So.2d 628 (Miss. 1974).
Anderson was convicted of burglary, but the "burglary conviction was reversed but remanded for resentencing on the charge of trespass without granting defendant a new trial on the lesser charge." Wells, 305 So.2d at 338. The Wells Court stated that:
[t]respass is necessarily a component of every burglary. Implicit in the verdict finding defendant guilty of burglary is the finding that he was guilty of the constituent offense of trespass, Section 91-17-87, Mississippi Code Annotated (1972). Inasmuch as the jury has found the defendant guilty of the greater crime, and the evidence of defendant's guilt of trespass is conclusive, the judgment is affirmed as a conviction of trespass, and the case is remanded for sentencing on that charge. See Washington v. State, 222 Miss. 782, 77 So.2d 260 (1955).
Id. quoting Anderson, 290 So.2d at 628.
We note that Anderson is practically identical to the case sub judice. Applying the standard of review on the issue of the directed *1192 verdict illustrates that based upon the facts, it is entirely possible that "reasonable men could have arrived at a contrary verdict." The verdict is against the overwhelming weight of the evidence because the State did not prove beyond a reasonable doubt that Alford had the requisite intent to commit a crime once he entered the dwelling.
The Court has stated that "[w]e give great weight and deference to juries on findings of fact and will not set aside a verdict unless it is against the overwhelming weight of the evidence and credible testimony." Parker v. Thornton, 596 So.2d 854, 858 (Miss. 1992). In Samuels v. Mladineo, 608 So.2d 1170, 1180 (Miss. 1992), the Court stated that "no jury verdict should be set aside lightly; the occasion for doing so should never arise except in rare and unusual cases." Id. at 1180. The Court, however, reversed and remanded for a new trial because the jury verdict was against the overwhelming weight of the evidence.

CONCLUSION
This Court has held that the crime of burglary has the elements of (1) an unlawful breaking and entering, and (2) the intent to commit some crime once entry has been gained. Winston v. State, 479 So.2d 1093 (Miss. 1985). The Court has also stated that "breaking" is "any act or force, however, slight, `employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.'" Smith v. State, 499 So.2d 750, 752 (Miss. 1986). While Alford admitted breaking into the home, he did not do so to commit a crime. It was never established or proven that he had criminal intent once he was inside the dwelling. The intent to commit the crime must co-exist with the physical act of entry. Davis v. State, 611 So.2d 906 (Miss. 1992). On that basis, Alford's second argument that the verdict was against the weight of the evidence is meritorious. Based upon this Court's holdings in Harper, Dedeaux, Clemons, Wells and Anderson, the charge of burglary is reversed, but affirmed on the lesser included offense of trespass. The case is remanded for resentencing for trespass in accordance with this opinion.
REVERSED AND REMANDED FOR PROCEEDING NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.