SOUTHWICK, P.J.,
dissenting.
¶ 18. The majority implicitly finds that Mose Washington’s testimony regarding his lack of larcenous intent at the time of the illegal entry was no evidence at all. Consequently it was all right not to grant a lesser-included offense instruction on burglary. I say that is an implicit finding because anything else would rewrite the well-settled law on the respective role of judges and juries. It is for the judge to decide if there is no evidence; it is for the jury to decide the weight and credibility of the evidence. No precedent has ever said that the defendant’s own testimony could be disregarded as to his intent regarding a burglary. I therefore dissent.
¶ 19. Washington testified that he was looking for a place to stay and take a bath when he decided to break into a house belonging to Thelma Ingram in Lambert, Mississippi. To enter he removed an air-conditioning unit from a window.
¶ 20. I agree with much of what the majority finds to be the relevant law. In no way do I dispute that the required intent to steal may be presumed from the breaking and entering itself. Therefore, this jury could infer the intent to commit larceny from Washington’s actions of entering Ingram’s house. In his testimony Washington admits to breaking and entering into the house. He at some later point took a can of fruit cocktail, a T-shirt and the air conditioner. Thus, there is sufficient proof to support the jury’s inference that Washington had the requisite intent when he entered the house, in spite of the explanation that he offered in his testimony.
¶ 21. What we should not blend though, is what is sufficient evidence to prove the State’s case and what is no evidence to justify an instruction on trespass. Trespass is a constituent offense of every burglary. Gillum v. State, 468 So.2d 856, 861 (Miss.1985). Washington would be guilty of trespass and not of burglary if he had not formed the intent to commit a larceny at any of the times that he was breaking and entering into this house. Alford v. State, 656 So.2d 1186, 1191 (1995) (burglary conviction reversed because absence of proof of intent to commit crime at time of entry).
¶ 22. A trial judge must instruct the jury as to lesser-included offenses when such an instruction is requested and also warranted by the evidence. Gillum, 468 So.2d at 861. On the other hand, the instruction should not be given if a reasonable juror, considering the evidence in the manner most favorable to the defendant, could not find guilt of the lesser crime without also believing the accused guilty of the greater. Ruffin v. State, 444 So.2d 839, 840 (Miss.1984).
*480 ¶ 23. The evidence that Washington wanted the jury to believe was his own testimony that he was not contemplating anything other than shelter and sleep when he entered the dwelling. In one precedent, a burglary conviction was reversed because of the failure to give this instruction. Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). The accused had admitted to entering a house but testified that he did not have the intent at the time of entering to commit the assault that later occurred. Id. at 1020. Instead his intent was solely to see his two children who were then inside. The supreme court found that the accused was entitled to have jurors weigh this testimony and credit it if they so desired. Harper means that a lesser-included offense instruction may be denied only when evidence to support the greater “is so clear that rational jurors could not disagree.” Id. at 1021. In Harper, the accused’s own assertion regarding his intent was sufficient to require the instruction.
¶ 24. The jury may consider any of the admissible evidence presented at trial. The majority finds that the jury need not have considered Washington’s testimony. That is not for us to say unless Washington’s testimony is so implausible or discounted by other evidence as to be unusable by the jury. There is nothing in the record as to Washington’s having a place to live. The State made no effort to undermine his story that he in fact did stay in this house for parts of two nights. Entering someone else’s house in order to sleep is a crime, but it is the crime of trespass and not of burglary. Washington’s admission that he helped himself to food and clothes, no matter how inconsequential the value of both, proves larceny. Yet there still is no burglary unless the jury found that the intent to commit larceny existed at the time of entering. Instead what Washington did would constitute the separate crimes of trespass and multiple larcenies.
¶ 25. A properly instructed jury would quite probably have convicted Washington of burglary despite the lesser-included offense instruction on trespass. For us to say that the jury did not even need to be told about the trespass is to affirm the trial judge’s substitution of his view of the evidence for the right of the jury to reach its own view. I dissent.
McMILLIN, C.J., KING, P.J., AND IRVING, J., JOIN THIS SEPARATE OPINION.