ROWELL *v.* STATE.*

(Division A.   April 9, 1928.)

[116 So. 532.   No. 26974.]

134

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 339, n. 64.

*Deavours & Hilburn* and *Herman D. Young*, for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *Stone Deavours,* for appellant, and *Rufus Creekmore,* for the state.

SMITH, C. J. The state's tenth instruction, while inaccurately worded, viewed in connection with the other instructions, could not have misled the jury.

The state's eleventh instruction, which defines malice as "the doing of a wrong act intentionally, without just cause or excuse," is erroneous in that malice is a state of mind and not an act; but it was perfectly harmless, for "the doing of a wrong act intentionally, without just cause or excuse," evidences malice.

Some of the other instructions complained of are inaccurate when considered alone, but the errors therein disappear when they are considered along with the other instructions.

The testimony as to the striking of Floyd Alpin by Hatcher Rowell after the deceased was cut by the appellant may have been inadmissible; but if it was, it

could not have prejudiced· the appellant to an extent sufficient to justify a reversal.

The testimony of Houston Busby here complained of was admissible.

*Affirmed.*

