SMITH *v.* STATE.

No. 41229          October 5, 1959          114 So. 2d 676

*Fountain D. Dawson,* Greenville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Judson Smith was indicted, tried, and convicted of the murder of Earl Pope. The evidence justified the jury in finding the facts as next stated.

Robb's Lounge is a "night spot" located near Greenville. On the night in question, a number of persons were engaged in gambling in a room adjoining the main club room. Among those so engaged were appellant, Judson "Painter Man" Smith, Johnny "Diddy" Lewis, the dealer or cut man, the deceased, Earl "Yonderfoot" Pope, "Rango" Jack Sock, "Bennie the Red" Grigsby, and "Jack of Hearts" Taylor. There were two gambling tables, a large and a small one. Appellant was at the small table between the deceased and Lewis. They were playing a card game known as "Skin." An argument developed between appellant and Lewis about the "cut" the house was to take out of a dollar bet. Lewis let appellant play without paying a cut, but appellant lost his dollar bet. Deceased asked appellant why he wanted to do him (Lewis) like that, that Lewis had done nothing to appellant, and that appellant was mistreating Lewis, who was old. Appellant, who had just told Lewis that he would "knock hell out of him," then told deceased, "That goes for you, too, Yonderfoot." Someone then said that appellant had a pistol. Deceased stood up and faced appellant; they were close together.

Appellant had the pistol in his hand, and deceased said to him, "Don't shoot me, Mr. Painter, please." Appellant fired three shots, one of which struck deceased in the forehead, and from which he died. Appellant's state of mind immediately following the shooting is indicated in the statement of Lewis, made in answer to a question whether appellant made any statement when he stepped to the door immediately after Pope was shot. Lewis said: "He sho did. He said 'Who don't like it? If you don't like it, I'll kill every son-of-a-bitch in here.' There wasn't nobody gonna say they didn't like him. I know I wouldn't. I wish I could have got out that door. They wasn't no door for me to get out."

Deceased did not have any weapon before or at the time he was shot, and he was not trying to harm appellant. After the killing, appellant left in his automobile and sought the police, to whom he surrendered and gave his gun.

██ ██ Appellant assigns as error the refusal of the trial court to either grant appellant a peremptory instruction or sustain his motion for a new trial on the ground the verdict was contrary to the overwhelming weight of the evidence. There is no merit in these contentions. The jury had every right to believe appellant was guilty of a senseless, wanton murder. He sought to establish self-defense, but the evidence in that regard does not warrant discussion.

██ ██ Appellant assigns as error the granting to the State of an instruction in the exact language appearing as Section 3146, Alexander's Mississippi Jury Instructions, and which instruction was approved by this Court in the case of Eaton v. State, 163 Miss. 130, 140 So. 729. This instruction is in common use in murder cases.

Appellant also assigns as error the refusal of the lower court to give him requested instruction No. 3 for the defendant. This instruction attempts, among other things, to define premeditation and malice. It is un-

necessary and unwise to attempt to define malice. Section 3141, Alexander's Mississippi Jury Instructions. ██ █ The requested instruction stated that malice in the legal sense "signifies a wrong act done without cause or excuse." The State was given an instruction containing similar language in Rowell v. State, 150 Miss. 133, 116 So. 532, wherein the Court pointed out that malice is a state of mind and not an act. The defendant obtained twenty-five instructions on all aspects of the case. The jury was fully instructed.

We find no reversible error and the judgment of conviction is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.