451 So.2d 227 (1984)
Bobby Lee HAYNES
v.
STATE of Mississippi.
No. 54881.
Supreme Court of Mississippi.
June 6, 1984.
*228 Herman F. Cox, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
Bobby Lee Haynes was convicted in the Circuit Court of Harrison County of the crime of manslaughter. The indictment also charged him with being a habitual offender, and this likewise being proved to the circuit judge, he was sentenced to twenty (20) years without parole.
The appeal challenges the sufficiency of the evidence, and assigns other errors. No error is assigned as to his conviction of being a habitual offender. The victim, John Mitchell, died from a severe beating by Haynes in a local saloon. This is a classic jury case, Haynes had unquestionably been previously assaulted by Mitchell, and provoked; yet it was a matter for the jury to determine whether this slaying was in self-defense or anger at Mitchell.
We reverse upon the assignments of error we address: (1) the right of an accused to an instruction that in order to invoke the defense of self-defense, it is not necessary for the defendant to flee, and (2) oral response *229 by the circuit judge to an inquiry by the jury during its deliberation.
At the conclusion of the trial, the defense requested the following instruction:
The court instructs the jury that while the danger which will justify the taking of another's life must be imminent, pending, and present, such danger need not be unavoidable except by killing in self-defense. The court instructs the jury that the accused, Bobby Lee Haynes, need not have avoided the danger to his person presented by the deceased, John Mitchell, by flight. So long as the defendant was in a place where he had the right to be and was not the immediate provoker or aggressor, he may stand his ground without losing the right of self-defense. [R. 359]
It has always been the law in this state that a defendant is not deprived of the right to claim self-defense in a slaying even if he could have avoided the threat to his safety by fleeing.
In Long v. State, 52 Miss. 23 (1876), p. 34, it is stated:
Flight is a mode of escaping danger to which a party is not bound to resort, so long as he is in a place where he has a right to be, and is neither engaged in an unlawful, nor the provoker of, nor the aggressor in, the combat. In such case he may stand his ground and resist force by force, taking care that his resistance be not disproportioned to the attack.
It is thus clear that the latter part of the requested instruction correctly stated the law. Such an instruction is not often applicable to the facts of a case, however. In this case we think the judge should have either granted the instruction, or some instruction that embraced this principle. There was some testimony by Haynes that he began to walk away when the trouble started, and the jury could have wondered why he did not simply leave. Whenever, from the facts of the case, it appears that the defendant could have avoided the fatal difficulty only by precipitous retreat, but did not leave, if the other requisite factors are present as stated in Long, supra, then the defendant is entitled to such an instruction.
The following instruction, S-4, was granted the state:
The court instructs the jury that to make a homicide justifiable on the grounds of self-defense or defense of another, the danger to the defendant must be either actual, present and urgent or the defendant must have reasonable grounds to apprehend a design on the part of the deceased to kill him, or to do him some great bodily harm, and in addition to this, that there was imminent danger of such design being accomplished; and hence mere fear, apprehension or belief, however sincerely entertained by one person that another designs to take his life or do some great bodily harm, will not justify the former in taking the life of the latter party. A party may have an apprehension that his life is in danger, and believe that the grounds of his apprehension just and reasonable, and yet he acts at his peril. He is not the final judge; the jury may determine the reasonableness of the ground upon which he acted. [R. 350]
The defense made no objection to this instruction.
The record reveals that when the jury had been deliberating three hours, the following transpired:
BY THE COURT:
We have a question from the Jury.
"Does fearful apprehension alone in light of previous events justify a ruling of self-defense?
BY MR. JOHNSON:
I think the Court should answer with the simple word "no".
BY THE COURT:
I'm going to do it this way.
In reply to your inquiry the phrase "fearful apprehension" is not used in any of the instructions that you have before you. The two instructions on the question of self-defense are numbered D-11 and S-4. As I have stated you read the instructions together, however, your attention is invited to *230 that part of instruction S-4 following the semi-colon on the seventh line from the top.
BY MR. COX:
Your Honor, we would object on the previous grounds stated, and also the Court is singling out one part of one instruction and I think that's improper, Your Honor, being S-4.
BY THE COURT:
You may be right, Herman, in one sense of the word, but that's the part where apprehension is mentioned, and the only place in either of the instructions where apprehension is mentioned if I read them correctly. Let's see if I'm not right.
All right, add this to it. "I trust this will answer your question inasmuch as this is the only place where the word `apprehension' is mentioned."
BY MR. COX:
We still object for the same reasons.
BY THE COURT:
All right, sir.
(At this time, the Court and Counsel for the Defendant presented the following Motion for Mistrial.)
BY MR. COX:
Comes now the Defendant, Bobby Lee Haynes, and moves the Court of a mistrial and states the following grounds: That at approximately 3:33 P.M. the Jury sent out a written question to the Court and said question being in the Record. And in response to this particular question, the Court made the response to, reference to Instruction D-11 and Instruction S-4, and further commented to look at a certain part or particular part of Instruction S-4, and the Defendant would state that this is error and that a certain Instruction has been singled out and, therefore, is an improper comment, and that the Court should grant a mistrial.
BY THE COURT:
Overruled.
Five minutes later the jury reached its verdict.
After the jury was dismissed, the record shows the following transpired before the circuit judge:
BY MR. COX:
Your Honor, we renew our Motion for Mistrial on the grounds state before, and those grounds are as follows:
That while the Jury was deliberating, they sent out a written question to the Court, which is in the Record, and asked the Court a specific question, and in response thereto the Court advised them basically that they ought to refer to Jury Instruction D-11 and Jury Instruction S-4, and specifically point out a certain part of Instruction S-4, and we think that is error, and the Court should consider this again, and grant a mistrial.
BY THE COURT:
Well, after the Newell case, I think the Judge was given a wider discretion in their Instructions to the Jury, and a wider latitude about how to handle it. Of course, in the inquiry that they handed to me, it was quite obvious that at least one person on the Jury had read something into the Instructions that was not there. They read into it the phrase "fearful apprehension". Well, nowhere in any of the Instructions was that phrase even mentioned. I don't know how they gathered that. I have agreed that immediately after I pointed out that it didn't exist, it wasn't five minutes until they came back. I'll let the Record show that for you. So it'll be overruled.
In three recent cases we have either criticized or condemned this kind of instruction. See: Robinson v. State, 434 So.2d 206 (Miss. 1983); Lenoir v. State, 445 So.2d 1371 (Miss. 1984); Scott v. State, 446 So.2d 580 (Miss. 1984).[1]
*231 As Justice Dan Lee so aptly pointed out in Robinson v. State, P. 210, "the instruction is fraught with redundancy". In this case the trial judge's oral comment to the jury served to accentuate the very portion of the instruction which we have criticized.
We cannot say that this did not influence the jury. This court has always cautioned circuit judges making any comments, or giving instructions to the jury after it retires to reach a verdict. Our two most recent cases are: Girton v. State, 446 So.2d 570 (Miss. 1984) and Stubbs v. State, 441 So.2d 1386 (Miss. 1983).
In this case the jury had already been amply instructed, indeed, more than amply instructed in S-4. There was no need to further instruct them. While the circuit judge was undoubtedly trying to deal with a vexing type of problem as best he could, we believe the proper response to the jury would have been that they had already been properly instructed on this question and to read their instructions.
The answer the court gave may very well have accentuated an instruction even further, which was error.
As stated in 23A C.J.S., Criminal Law, No. 1304, although it is not necessarily reversible error, court instructions should avoid repetition of the same or different forms of the same rule of law, once the jury has been fully and fairly instructed thereon. This authority also states, pp. 738-739:
... the repetition of instructions should be avoided as tending to confuse and mislead rather than to enlighten the jury. The mere fact, however, that an instruction or a part thereof is repeated does not constituted reversible error, unless such repetition gives such undue prominence to some principle or phase of the case as is calculated to impress it unduly on the jurors' minds, or results in an unfair statement of law in relation to accused's rights.
In the Florida case of Beckham v. State, 209 So.2d 687 (Fla. 1968), the court stated, pp. 688-689:
The defendant has also complained on appeal of the trial judge's repetition of the manslaughter charge in his instructions to the jury. It appears from the record that the trial judge, while instruction the jury, experienced some difficulty. As a result of this the manslaughter charge was given three times and it was given once again when the jury returned and expressed confusion as to the instructions. We believe that this repetition, although inadvertent, was harmfully prejudicial to defendant's case and that it constitutes additional grounds for reversal. [Emphasis added]
In the recent case of Wall v. State, 413 So.2d 1014 (Miss. 1982), this court stated, p. 1015:
We are constrained to add as a caution to prosecuting attorneys that there appears to be no necessity for the above instruction. When the circuit judge has adequately instructed a jury on all the points of law involved in a case, the State should eschew a needless risk of reversal by adding pure surplusage or repetitious instructions.
For these reasons, the case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
BOWLING, J., PATTERSON, C.J., and DAN M. LEE, J., specially concurring.
ROBERTSON, J., not participating.
BOWLING, Justice, specially concurring:
Since I have been a member of the Court, I have done my best to rid the criminal jurisprudence of this state of a part of the usual self-defense instruction that reads as follows:
A party may have an apprehension that his life is in danger, and believe that the grounds of his apprehension just and reasonable, and yet he acts at his own peril.

*232 I expressed my sincere concern about this instruction in a dissenting opinion in Robinson v. State, 434 So.2d 206 (Miss. 1983) and re-iterate here what I said then. This instruction that continually is being given is confusing, misleading and contradictory. It gives a defendant a right of self-defense and then takes it away by telling the jury that he acted at his peril. As I pointed out in the dissent in Robinson, supra, this Court has been trying to correct this instruction for forty-eight years since the case of Bailey v. State, 174 Miss. 453, 165 So.2d 122 (1936). Bailey warned prosecutors not to request the instruction set out in that opinion. The warning has gone unheeded. As I stated in Robinson, supra, I have no sympathy for criminals, but I do insist on fairness under the law.
I sincerely hope that a very few of the prosecutors of this state, who do not read this Court's opinions, please make it a practice to do so, so that the warning of forty-eight years ago might finally soak in.
I hope and pray that whatever funded agencies conduct prosecutors' seminars will someday have his problem on their agenda.
PATTERSON, C.J., and DAN M. LEE, J., join this specially concurring opinion.
NOTES
[1] In Robinson v. State, the majority and a special concurring opinion suggested the kind of instruction which this court would approve.