456 So.2d 755 (1984)
Eddie BEBLEY, Jr.
v.
STATE of Mississippi.
No. 54346.
Supreme Court of Mississippi.
September 12, 1984.
*756 Roy Pitts, Sarah S. Doherty, Meridian, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Presiding Justice, for the Court:
Eddie Bebley, Jr. was indicted and tried for murder in the Circuit Court of Lauderdale County. The jury returned a verdict of manslaughter, and Bebley was sentenced to serve a term of ten years in the custody of the Department of Corrections with six years of the term suspended and appellant placed on probation. Bebley appeals this conviction.
The defendant assigned as error that Instruction S-2 was vague, confusing, misleading and obliterated the defense of self-defense. Also, it was further argued that the instruction put the burden of proof on the defendant to prove self-defense.
This instruction has been examined by the Court on numerous occasions.
In Robinson v. State, 434 So.2d 206 (Miss. 1983), although this Court did not condemn a similar instruction and reverse the case we said:
Although a majority of the Court is of the opinion that the instruction does correctly state the law, several other Judges are of the opinion that it is too long, redundant and confusing.
In the future, it might be wise for district attorneys to substitute the following instruction for the one quoted above:
The court instructs the jury that to make a killing justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the defendant acts.
434 So.2d at 207.
Recent opinions of this Court have renewed the criticism. Scott v. State, 446 So.2d 580 (Miss. 1984); and Haynes v. State, 451 So.2d 227 (Miss. 1984). The Court suggested an alternative instruction in Robinson and cautioned against using the old instruction. Robinson was rendered on May 18, 1983. The petition for rehearing was denied July 27, 1984. The case sub judice was tried on May 13, 1982 at a time when Robinson had not been published in the Southern Reporter which explains the continued use of the instruction. Any use of the instruction in cases tried after Robinson was published will be closely scrutinized. A word to the wise should be sufficient.
The remaining assignments of error are without merit and require no discussion.
For the above stated reasons, the conviction and sentence are affirmed.
AFFIRMED.
ROY NOBLE LEE, P.J., and PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
BOWLING, HAWKINS and DAN M. LEE, JJ., dissent.
PATTERSON, C.J., not participating.
BOWLING, Justice, dissenting:
The self-defense instruction that is still being given by prosecutors in a form that has been condemned by this Court, in my *757 opinion, constitutes reversible error in this particular case.
In Robinson v. State, 434 So.2d 206 (Miss. 1983), I wrote a dissenting opinion pointing out the history of this instruction and the fact that for many years this Court has recommended that it be changed.
In Haynes v. State, 451 So.2d 227 (Miss. 1984), I specially concurred. In that opinion, I pointed out and adopted my dissent in Robinson, supra. In Haynes I did not think the record justified a reversal because of the facts reflected by that record.
In the case sub judice, the record, in my opinion, shows a very close set of facts on whether or not appellant, in truth and in fact, was entitled to a jury finding of self defense. The majority opinion does not set out anywhere near all the facts as shown by the record. As stated above, after reviewing the record, I cannot specially concur as in Haynes, but I am forced to dissent again as in Robinson. The facts in this record reveal a situation that, in my opinion, would cause many jurors to find that appellant acted in self defense.
In the event any juror was doubtful, the state's instruction, that has been condemned by this Court a number of times, would tend to influence that juror's decision.
I, therefore, again dissent from the giving and approval of the instruction in question. I believe that in this particular case, it is reversible error. I shall continue to condemn the instruction in any case where the facts are as close as those now before us. Hopefully, someday the instruction will run its course and we shall see it no more.
HAWKINS and DAN M. LEE, JJ., join in this dissent.