Sam Gearlson (a/k/a Geraldson) was indicted, tried and convicted in the Circuit Court of Hancock County on a charge of aggravated assault and sentenced to twenty (20) years in custody of the Mississippi Department of Corrections. He has appealed from the judgment and sentence and assigns seven (7) errors in the trial below.
On the night of December 26, 1982, Phillip Ladner and John Shaw were drinking beer in Mayberry's Bar in Northern Hancock County. Around ten o'clock the appellant entered the bar. He had been deer hunting all day and before he could order a drink, a fight broke out between two other customers. The bartender asked appellant, who was 6'5" tall and weighed 280 lbs., to break up the fight. Apparently, that was done with dispatch.
Ladner admitted that he was tipsy, but denied being drunk. While he and appellant had known each other for more than a year, they had never engaged in an argument. Nor was there any animosity between them.
According to Ladner, he went outside the bar room to get cigarettes, which were in his car, and, as he left the building, he was met by appellant, who had a shotgun in his right hand, and a pistol in his left hand. Appellant poked him in the chest with the shotgun. Ladner fell against a truck and appellant fired the shotgun, wounding Ladner in the leg. Ladner denied possessing any kind of weapon or that he threatened *Page 1142 
appellant in any manner or said any harsh words to him.
Appellant testified that, as he was breaking up the fight in the bar, Ladner told him "he'd fight in there anytime he got ready, said that he had something for me." Further, that Ladner then grasped a pistol in his back pocket; that appellant walked out of the bar and when Ladner came out shortly thereafter, Ladner reached in his back pocket and pulled out the pistol; that appellant reached into his car and got a pistol and shotgun; that Ladner raised his pistol, causing appellant to poke him in the chest with the shotgun; that Ladner gave a pistol to Shaw and told him to get rid of it. As anyone might guess, Ladner denied that testimony of appellant.
 I. — III.
Appellant contends (1) that the evidence is insufficient and lacking in weight to support the guilty verdict; (2) the lower court erred in permitting Officer Seay to testify that the appellant did not answer his question as to whether or not Ladner had threatened him, and (3) the lower court erred in restricting the appellant's cross-examination of the State's witness Phillip Ladner.
The first assignment is resolved by the rule established for many years that appellate courts are required to consider the evidence in a light most favorable to the State and accept as true the evidence supporting, or tending to support the verdict, with all favorable inferences that reasonably may be drawn therefrom. Evans v. State, 460 So.2d 824 (Miss. 1984); Wintersv. State, 449 So.2d 766, 771 (Miss. 1984); Groseclose v.State, 440 So.2d 297 (Miss. 1983); Sadler v. State,407 So.2d 95, 97 (Miss. 1981); Warn v. State, 349 So.2d 1055 (Miss. 1977). The evidence presented a guilt issue for the jury to determine and amply supports the verdict.
We have carefully examined Assignments II and III and find no merit in them.
 IV. — V.
Appellant complains (4) that the lower court erred in giving Instruction C-17, which is a "form of the verdict" instruction. He argues the vice of the instruction to be that the court did not provide a lesser-included offense, viz, simple assault. There is no merit in the assignment because appellant stated that he had no objection to it. Booker v. State, 449 So.2d 209, 220 (Miss. 1984); Edwards v. Thigpen, 433 So.2d 906 (Miss. 1983);Colburn v. State, 431 So.2d 1111 (Miss. 1983); Martin v.State, 354 So.2d 1114 (Miss. 1978).
The Instruction D-3 is the "one-juror" or "sinker" instruction. The lower court refused the instruction, stating that it was covered by the court's instructions. In addition, a reading of Instruction D-3 reveals that it was improperly drawn and should have been refused. However, we point out to the Bench and Bar that in a proper case, the instruction should be granted.
 VI — VII.
The appellant contends (6) that the lower court erred in responding to notes from the jury and in granting Instruction C-100, and (7) appellant did not have effective assistance of counsel during the trial.
After the jury retired and deliberated on its verdict, it sent a note to the trial judge which read as follows:
 One of the jurors have [sic] a reasonable doubt whether or not Ladner had a gun. We are deadlocked.
 Your Honor, why didn't the defense plead self defense.
 Explain further instruction DA 4 [sic]
The trial judge returned the following written response to the jury:
 INSTRUCTION S-1 EXPLAINS THE STATE'S THEORY OF ITS CASE; INSTRUCTION D-4A EXPLAINS THE DEFENDANT'S THEORY OF ITS CASE. YOU SHOULD RELY ON YOUR MEMORY OF THE TESTIMONY AND GO BY THE INSTRUCTIONS *Page 1143 
WITH A VIEW TOWARD REACHING A VERDICT IF POSSIBLE.
After further deliberation, the jury sent another note to the trial judge saying, "We are hoplessly [sic] deadlocked." The judge drew Instruction C-100, which is a self-defense instruction, and sent that instruction to the jury room. After some further deliberation, the jury returned a verdict of guilty as charged. The appellant complains of the action of the trial judge in responding to the inquiry from the jury.
Instruction D-4A, concerning which the jury asked for further information, was a self-defense instruction granted at the request of the defendant. The Instruction C-100, which the judge gave after the jury sent word to the lower court that it was hopelessly deadlocked, is practically the identical instruction which was condemned in Robinson v. State, 434 So.2d 206 (Miss. 1983); Bebley v. State, 456 So.2d 755 (Miss. 1984); Haynes v.State, 451 So.2d 227 (Miss. 1984); Scott v. State,446 So.2d 580 (Miss. 1984). In Flowers v. State, 473 So.2d 164 (Miss. 1985), the majority of the Court again condemned the instruction and held it to be reversible error.[1]
In Sharplin v. State, 330 So.2d 591 (Miss. 1976), the Court set out the form instruction that a trial judge may properly give to a deadlocked jury. The Court said:
 If the trial judge feels that there is a likelihood that the jury might reach a verdict, he may return the jury for further deliberations by simply stating to the jurors: "Please continue your deliberations," or he may give the following instruction set forth in the tentative draft of Mississippi Model Jury Instructions: Criminal, Volume 1, page 50.
 I know that it is possible for honest men and women to have honest different opinions about the facts of the case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
 Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Please continue your deliberations.
 We approve the foregoing instruction. It may be given in either criminal or civil cases when the trial judge is confronted by a hung jury. Following publication of this opinion, the "Allen" charge in any of its various forms should not be given. [Citation omitted].
330 So.2d at 596.
The procedure outlined in Sharplin was not followed by the lower court. The record indicates that there was some confusion on the part of one or more members of the jury as to the self-defense instruction. It is significant that the jury returned a verdict of guilty as charged shortly after the lower court submitted Instruction C-100. We are of the opinion that failure to follow the Sharplin procedure constituted reversible error in this case. Therefore, the judgment of the lower court must be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
[1] Flowers v. State, supra, and Robinson v. State, supra,
were decided by this Court after trial of the case sub judice. *Page 1144