512 So.2d 679 (1987)
George Frank WRIGHT
v.
STATE of Mississippi.
No. 57121.
Supreme Court of Mississippi.
August 26, 1987.
Wade M. Baine, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appeal arises from a burglary conviction and presents questions regarding the extent to which a trial judge may instruct a jury when, after deliberations have begun, it asks for explanation on a point of law and thereafter reports it is deadlocked. Also presented is a right to counsel question. For the reasons set forth below, we find no merit to any of the assignments of error. We affirm.

II.
On November 29, 1984, George Frank Wright broke into a truck in the parking lot of the Rebel Lounge in Gulfport, Mississippi. Wright was spotted in the truck by Vicky Henderson, co-owner of the lounge who saw Wright leaning over in the seat, reaching under the dashboard. Apparently realizing that he had been seen, Wright lay down in the seat of the truck. Henderson approached the truck and told Wright he would get in trouble for what he was doing. Wright protested that he had done *680 nothing; it was "the other guy," and left the truck "walking pretty fast."
Henderson went back inside and asked for the owner of the red truck to come outside. Thomas Devins responded and discovered that the passenger window on his truck had been broken, the passenger door opened, and the glove compartment opened as well. He spotted George Wright down the road and apprehended him. Wright "kept on talking and like some black dude had gotten in the truck and he was after him."
Wright was arrested on the spot. Four days later, on December 4, 1984, he was taken before a magistrate for his initial appearance. Though Wright was indigent, counsel was not appointed at this time nor was a preliminary hearing set. Apparently nothing was done to afford Wright counsel on the present charge until January 8, 1985, when a detective from the Gulfport Police Department contacted Wright's attorney from a previous case. The preliminary hearing was held on January 24, 1985.
Thereafter, Wright was put to trial in the Circuit Court of Harrison County and on May 7, 1985, he was found guilty of burglary of a truck. Miss. Code Ann. § 97-17-33 (1972). By reason of his somewhat extensive record of prior convictions, Wright was sentenced to seven years imprisonment, the maximum allowed by law for this crime. Miss. Code Ann. § 97-17-33 (1972).

III.
Wright does not seriously contend on his appeal that the evidence in this case is inadequate, either from the vantage point of sufficiency or weight, to undergird his conviction. Suffice it to say that upon our review of the record, we consider the evidence of Wright's guilt of the charge laid in the indictment is quite substantial and wholly beyond our authority to disturb. See, e.g., Burt v. State, 493 So.2d 1325, 1328 (Miss. 1986); Whatley v. State, 490 So.2d 1220, 1223-24 (Miss. 1986); Jenkins v. State, 483 So.2d 1330, 1332 (Miss. 1986); Winston v. State, 479 So.2d 1093, 1095-96 (Miss. 1985).

IV.
Wright argues that he was denied the right to counsel at a critical stage of the proceedings against him and, accordingly, that his conviction and sentence should be reversed. He specifically points to the Circuit Court's order overruling his pre-trial motion to dismiss predicated upon the same grounds. Wright's point is hard to follow, for we find no indication in the record that anything happened to Wright during the period that he was without counsel that resulted in any adverse impact upon him in connection with his trial or the proceedings against him.
To be sure, the judicial machinery of Harrison County was a bit slow footed in affording Wright counsel. He was arrested on November 29, 1984. He was afforded an initial appearance, see Rule 1.04, Miss.Unif.Crim.R.Cir.Ct.Prac., on December 4, 1984, but no counsel was provided at that time. The record reflects that counsel was not formally appointed until April 22, 1985.
Rule 1.04 provides that every arrested person shall be taken before a judicial officer for an initial appearance "without unnecessary delay." Rule 1.05 then provides:
Counsel shall be appointed no later than the time of the initial appearance, ... .
Quite clearly, Wright should have been afforded the assistance of counsel without unnecessary delay following his arrest. See Page v. State, 495 So.2d 436, 439 (Miss. 1986).
During the time when Wright was without counsel  and during which he was entitled to counsel  no confession was obtained from him, nor was any line-up held, nor did the State in any other way take advantage of his lack of counsel. Wright's argument for reversal here is that his only witness disappeared during this interlude, a witness he says promptly-provided counsel would have been able to locate and have available for trial.
Upon close scrutiny, Wright's argument falls apart. The witness was an itinerant painter named John Burdick or Braden whom Wright met while spending the night *681 at the Salvation Army a few days before his arrest. Wright offers nothing to show that this painter was at the scene of the burglary, nor has Wright given us a clue of any sort as to just what the missing witness might have testified to. Wright stated only that "I had just met him a few days before this incident on November 29, when it happened and he was the only witness I had." Wright added that the painter was looking for work and had said that he would move his job search to Houston in a few days if he were unsuccessful in Mississippi.
Under our law Wright was entitled to counsel without unnecessary delay following his arrest, and nothing turns on whether that law be labeled constitutional or procedural or both. Denial of that entitlement will result in reversal of a subsequent conviction, however, only where it is shown that the accused experienced some untoward consequence flowing directly from denial of counsel. On the present record, we find the delay in affording Wright counsel unequivocally harmless. Lee v. State, 435 So.2d 674, 678 (Miss. 1983); Florence v. State, 397 So.2d 1105, 1109 (Miss. 1981); Austin v. State, 384 So.2d 600, 601 (Miss. 1980). The assignment of error is denied.

V.
Wright next argues that the Circuit Court erred when it submitted to the jury a supplemental instruction which defined the "breaking" element of the crime of burglary.
The record reflects that the prosecution had originally requested Instruction S-2 defining "breaking." The Circuit Court initially refused the instruction on grounds that it was "unnecessary." During the course of its deliberations, the jury sent a note to the Circuit Court asking whether a person who enters an unlocked car with intent to steal would be guilty of breaking and entering. At that point, the Circuit Court decided to give Instruction S-2, over Wright's objection, adding to the instruction a sentence stating that the jury was to "read and consider this instruction along with your other instructions."[1]
We have considered the question of supplemental instructions after a jury has retired on a number of occasions. See, e.g., Isom v. State, 481 So.2d 820 (Miss. 1985); Haynes v. State, 451 So.2d 227 (Miss. 1984); Girton v. State, 446 So.2d 570 (Miss. 1984); Newell v. State, 308 So.2d 71, 77-78 (Miss. 1975). Suffice it to say that this area has not been free of trouble, as we are particularly sensitive to the danger that a supplemental instruction might cause a jury to single out and focus upon the point there presented and give it undue importance.
Under the circumstances of this case, the Circuit Court acted quite properly. Nothing in our law provides that once the jury retires the trial judge should become a mute. Where, as here, the jury was apparently at a loss as to how it should proceed, there is no rational reason why we should discourage our trial judges from providing supplementary guidance. The possibility of a mischievous result on the whole seems infinitely greater if the supplemental instruction is not given than where, as here, it is given. The trial judge here correctly perceived that his responsibility was to provide a supplemental instruction in the context of the situation with which he was presented.
The supplemental instruction regarding the definition of breaking and entering was a correct statement of the law. Indeed, nothing in Wright's brief suggests any legal error in the instruction. The problem normally attendant upon supplemental instructions was, in our view, appropriately dealt with when the Circuit Court added the sentence stating that the jury was to "read and consider this instruction along with your other instructions." The assignment of error is denied.

*682 VI.
Finally, Wright argues that the Circuit Court erred when it coerced a guilty verdict after the jury had reported that it was deadlocked.
The record reflects that at approximately 5:50 p.m. the jury sent the Circuit Court a second note reading "after all possible discussion the jury is deadlocked eleven guilty, one not guilty. The vote will not change." The Circuit Court then instructed the jury that they should deliberate further.[2] Wright's counsel objected to the giving of this instruction. After it was read to the jury, however, the jury returned to its deliberations and shortly thereafter returned to the court room with a verdict that Wright was guilty.
In considering Wright's objection, the Circuit Court said, "Given the short trial that we have had, given the time we have been out, I don't see any problem with giving this. If they get hung up later into the night, I will reconsider."
We find that the instruction has been approved not only in Sharplin v. State, 330 So.2d 591, 596 (Miss. 1976)  indeed, it is colloquially known as the Sharplin instruction  but also in Murphy v. State, 426 So.2d 786, 791 (Miss. 1983); Blanks v. State, 451 So.2d 775, 778 (Miss. 1984); Isom v. State, 481 So.2d 820, 822 (Miss. 1985); and Gearlson v. State, 482 So.2d 1141, 1143 (Miss. 1986).
Defense counsel all but concede the propriety of the instruction. He argues, however, that the Court erred in failing to consider the jurors' personal needs; the time was 5:50 p.m., nearing supper time. The Circuit Court sent the jury back out to deliberate but, concerning the defense objection, stated "If they get hung up into the night, I will reconsider."
We consider the Circuit Court's action well within its discretion, given the facts and circumstances of this case. Fairley v. State, 483 So.2d 345, 348 (Miss. 1986); Robinson v. State, 418 So.2d 794, 797 (Miss. 1982); Martin v. State, 415 So.2d 706, 708 (Miss. 1982); Dixon v. State, 306 So.2d 302, 304 (Miss. 1975).
The assignment of error is denied.
CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS IMPRISONMENT AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ. and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The disputed instruction in its entirety reads:

Instruction S-2
The Court instructs the Jury that one of the essential elements of the crime of burglary which must be proven beyond a reasonable doubt is a breaking.
Breaking is defined as any act of force regardless of how slight, necessary to be used in entering the automobile. The turning of a knob, a slight push to further open the door, the raising of a latch, or like act being sufficient. Read and consider this instruction along with your other instructions.
[2] The instruction given the jury reads as follows:

Instruction C-101
I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
Accordingly, I remind you that the Court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Please continue your deliberations.