# IN THE COURT OF APPEALS 06/04/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00286 COA

**RODRIEGUEZ SAGO**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. FRANK G. VOLLOR

COURT FROM WHICH APPEALED: HOLMES COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

EDWARD BLACKMON, JR.

ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: W. GLENN WATTS

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: CRIMINAL(FELONY)-MURDER

TRIAL COURT DISPOSITION: DEFENDANT SAGO FOUND GUILTY OF MURDER AND SENTENCED TO SERVE A TERM OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS


BEFORE FRAISER, C.J., COLEMAN, KING, AND McMILLIN, JJ.

McMILLIN, J., FOR THE COURT:

Rodriguez Sago was convicted of the crime of murder in the Holmes County Circuit Court and sentenced to life imprisonment. He has appealed his conviction, claiming the trial court committed reversible error when it granted a supplemental jury instruction given in response to the jury's request for definitions of the words "malice" and "forethought." The request came after the jury had begun its deliberations.

In response to the inquiry, the trial court drafted an instruction that read as follows:

> Malice aforethought is equivalent to premeditated design or deliberate design and not in necessary self-defense.

The trial court then read the proposed instruction to counsel for the State and Sago's attorney outside the jury's presence. Neither side objected to the court's evident intention to instruct the jury further or to the form of the instruction itself. Sago's counsel, in fact, affirmatively stated that he had no objection to the proposed instruction. Neither did Sago allege any harm from the instruction in a motion for a new trial after his conviction.

Instead, for the first time on appeal, Sago claims entitlement to a new trial on the basis (a) that the trial court was precipitous in giving the instruction without making further inquiry as to the nature of the jury's concern before responding, s*ee Girton v. State*, 446 So. 2d 570, 575 (Miss. 1984), and (b) that the instruction could only have further confused the jury. As to the second allegation, Sago relies on *Nicolaou v. State,* 534 So. 2d 168, 174 (Miss. 1988), where the supreme court reversed a conviction based upon the giving of a supplemental instruction defining "malice aforethought."

The alleged error is procedurally barred. Any claim of prejudice Sago may have had was waived when he failed to timely present the matter to the trial court for ruling. *Ballenger v. State*, 667 So. 2d 1242, 1252 (Miss. 1995). The rule is well established in this State that an appellate court will not put the trial court in error "on a matter not presented to [it] for decision." *Id.* at 1256 (citations omitted).

Even overlooking the procedural issue, there is simply no substantive merit to this appeal. The supreme court, in considering the issue of further instruction after the jury has retired, has said "there is no rational reason why we should discourage our trial judges from providing supplementary guidance." *Wright v. State*, 512 So. 2d 679, 681 (Miss. 1987). The procedural rules in effect at the time of trial provided that, upon receipt of a written question from the jury, "the court in its discretion may then grant additional written instructions in response to the jury's request." *See* Unif. Crim. R. Cir. Ct. Prac. 5.14. While the supreme court has commented on the inadvisability of attempting to define "malice," *see Smith v. State*, 237 Miss. 626, 114 So. 2d 676, 677 (1959), a number of cases have approved of language in jury instructions very similar to that used by the trial court to further explain "malice aforethought." The purpose for such additional instruction appears to be to ensure that the jury does not conclude that it must find specific feelings of ill will directed at the victim in order to convict of murder. *See, e.g., Taylor v. State,* 597 So. 2d 192, 194-95 (Miss. 1992); *Mackbee v. State,* 575 So. 2d 16, 33-34 (Miss. 1990); *Thornhill v. State,* 561 So. 2d 1025, 1028 (Miss. 1989).

We find nothing in the trial court's handling of this matter that would constitute such an abuse of discretion as to warrant a reversal on either basis urged by Sago. The request from the jury was simple and straightforward. We cannot conclude that further inquiry as to the underlying reason for the request, as advised in *Girton* to be "certain he [the trial judge] understands precisely what is meant in any inquiry from the jury," would have suggested a different response. *Girton,* 446 So. 2d at 573. As to the *Nicolaou* case, the error was not in the decision to instruct further on the meaning of "malice aforethought," but in the language of the instruction itself, which was nothing but a recitation from *Black's Law Dictionary* containing irrelevant and potentially confusing information. *Nicolaou,* 534 So. 2d at 174.

We conclude, therefore, that the issues presented to us are without merit and that the judgment and sentence must be affirmed.

**THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT, RODRIEGUEZ SAGO.**


**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**