766 So.2d 29 (2000)
Terrandance M. DOBBINS a/k/a Terrandance Montrell Dobbins a/k/a `Boo' a/k/a `Tee Dee', Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01322-COA.
Court of Appeals of Mississippi.
June 20, 2000.
*30 Pamela A. Ferrington, Natchez, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
EN BANC.

ON MOTION FOR REHEARING
BRIDGES, J., for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn and the following is substituted. On January 20, 1998, Terrendance Dobbins was indicted by a grand jury sitting in Adams County, Mississippi for the murder of Darrell Anderson on or about November 2, 1997. After an arraignment hearing on March 19, 1998, Dobbins was tried by a jury of his peers and convicted on May 13, 1998. Adams County Circuit Court Judge Lillie Blackmon Sanders sentenced Dobbins to serve a term of life in prison. Dobbins's motion for a new trial was denied, and from that order Dobbins perfected his appeal to this Court. The following errors are alleged to have occurred at trial
I. WHETHER THE JURY INSTRUCTIONS REGARDING *31 MURDER AND MANSLAUGHTER GIVEN WERE INCOMPLETE.
II. WHETHER THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY AS TO A DEFINITION OF "MALICE AFORETHOUGHT."
III. WHETHER THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY AS TO THE ELEMENTS OF HEAT-OF-PASSION MANSLAUGHTER.

FACTS
¶ 2. On November 2, 1997, Steven Brown, Isiah Reed, Johnny Mackey and the decedent, Darrell Anderson, went to a nightclub called Floyd's Spare Time Lounge. While everyone gathered around a pool table, the disc jockey played music in the background. Apparently, one particular song broadcast over the house stereo system evoked such emotion in Reed and another individual, Larry Coleman, that they proceeded to "throw signs" or gesticulate in such a manner as to endorse one gang over another. Terrendance Dobbins, angered at their advocacy of a particular gang, responded in kind with a set of signs countering their preferences with his favorites. Naturally, Coleman and Dobbins began arguing, and testimony was presented at trial that Dobbins finished the verbal duel with Coleman on a promise to "blow his brains out." Immediately afterward, Coleman told his friends that he was going to leave the club to "avoid trouble."
¶ 3. Soon thereafter, Canary Pernell, Mackey's brother, began arguing with Dobbins. Brown, Reed, Mackey, Anderson and Pernell all decided it would be best to leave the club. The argument between Pernell and Dobbins spilled over outside the club. Moments later, Brown, Mackey, Anderson and Pernell walked toward their car while Reed and another individual named Randall Wilson began shoving Dobbins. After some amount of physical contact, Dobbins brandished a handgun and fired. The errant bullet struck Darrell Anderson as he was getting into the car to leave. Anderson died of the gunshot wound to the head.

STANDARD OF REVIEW
¶ 4. The State asserts that all alleged errors are procedurally barred on appeal because they were not raised at trial. The State notes and the record reflects that the defense had no objection to either instruction offered at trial. In addition to remaining silent during the trial court's presentation of jury instructions, the defense also admits they failed to submit alternate instructions regarding the elements of murder and manslaughter. The law is well settled that if no contemporaneous objection is made, the error, if any, is waived. Walker v. State, 671 So.2d 581, 587 (Miss.1995). Procedural bar notwithstanding, an appellate court may review the merits of the underlying claim knowing that any subsequent review will stand on the bar alone. Walker, 671 So.2d at 587.
¶ 5. A defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). The right of an appellate court to notice plain error is addressed in M.R.E. 103(d). The Mississippi Supreme Court applies the plain error rule only when a defendant's substantive rights are affected. Grubb v. State, 584 So.2d 786, 789 (Miss.1991). "The plain error doctrine has been construed to include anything that `seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss.1989). Both error and harm must be found for reversal. Riggs v. State, 744 So.2d 365, 372 (Miss.App.1999) (citing Frierson v. *32 Sheppard Bldg. Supply Co., 247 Miss. 157, 171, 154 So.2d 151, 156 (1963)).
¶ 6. Having determined Dobbins's arguments are barred procedurally, we will nonetheless proceed to determine whether or not a substantive right was affected and whether that error led to a miscarriage of justice.

LEGAL ANALYSIS

I. WHETHER THE JURY INSTRUCTIONS REGARDING MURDER AND MANSLAUGHTER GIVEN WERE INCOMPLETE.
¶ 7. Dobbins submits that the instructions given were incomplete as to the law, but offers no indication as to what specifically is wrong with them. Dobbins simply argues that the instructions were incomplete because they failed to present the jury with the essential elements of the crime. The law on jury instructions has been summarized as follows
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence.
Jackson v. State, 645 So.2d 921, 924 (Miss. 1994) (citing Heidel v. State, 587 So.2d 835, 842 (Miss.1991) (citations omitted)). Appellate courts review charges of error in the setting of a reading of all of the instructions together. Heidel, 587 So.2d at 843.
¶ 8. The language used in the manslaughter and murder instructions tracked the terminology of the statute. All of the essential elements of murder and manslaughter were included for the jury's consideration, however inartfully phrased. Reading the instructions together, it is impossible for this court to say that any substantive right was adversely affected. Thus, no error can be found.

II. WHETHER THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY AS TO A DEFINITION OF "MALICE AFORETHOUGHT".
¶ 9. Dobbins's second assignment of error asks this Court to reverse his conviction based upon the absence of a definition of "malice aforethought" in the jury instructions. Deliberate design is synonymous with malice aforethought and synonymous phrases or interchangeable words may be used in a jury instruction without prejudicial error. Lancaster v. State, 472 So.2d 363, 367 (Miss.1985).
¶ 10. The Mississippi Supreme Court has held that it is unnecessary and unwise to attempt to define malice. Smith v. State, 237 Miss. 626, 629, 114 So.2d 676, 677 (1959) (citing § 3141, Alexander's Mississippi Jury Instructions). Our supreme court went a step further pointing out that malice is a state of mind and not an act. Smith, 237 Miss. at 629, 114 So.2d at 677 (citing Rowell v. State, 150 Miss. 133, 116 So. 532 (1928)). While it is certainly not error to instruct the jury on a definition of "malice aforethought," it is not reversible error for failure to do so, especially when said instruction was not requested. See Catchings v. State, 684 So.2d 591 (Miss. 1996) (holding that the denial of an instruction defining deliberate design was not reversible error where the elements of murder were sufficiently addressed in other instructions). In this case, the jury was given another instruction that distinguished between murder and manslaughter by noting that deliberation was an element of murder and not of manslaughter. Because no further instruction on the subject was requested, we find the instructions as a whole adequate and do not, as the appellant would have us do, impose a duty on the trial court to further instruct on this element of murder on its own motion on these facts. Finding this assignment *33 of error without merit, we proceed to the last alleged error.

III. WHETHER THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY AS TO THE ELEMENTS OF HEAT-OF-PASSION MANSLAUGHTER.
¶ 11. Dobbins believes that the trial court committed reversible error by not instructing the jury on the elements of "heat-of-passion" manslaughter even though defense counsel did not request it. A murder defendant is not entitled to a manslaughter instruction where the record contains no evidence from which the jury could determine that the killing resulted from heat-of-passion and not the result of malice. Wilson v. State, 574 So.2d 1324, 1336 (Miss.1990). A defendant's statement that he wanted to kill the victim made prior to the fatal stabbing was evidence of malice. Russell v. State, 497 So.2d 75, 76 (Miss.1986). Where there is express malice and an intent to kill, the accidental killing of a person other than the one intended is murder. The malicious intent of the unlawful act directed toward one person is transferred to the other person. Ross v. State, 158 Miss. 827, 828, 131 So. 367, 368 (1930).
¶ 12. Dobbins threatened to kill Coleman shortly before the fatal shot was fired. Although Anderson was not involved in the skirmish outside the club, he was standing behind Wilson and Reed who were involved in the altercation. Testimony was presented at trial through several eyewitnesses that they believed Dobbins "killed the wrong boy" in that he was aiming at either Wilson or Coleman, but simply overshot and hit Anderson as he was trying to get into the car. Applying the language from Wilson, Russell and Ross, it becomes eminently clear that Dobbins's earlier threat can be treated as evidence of malice. That evidence of transferred intent leaves the record bare of any exception the defense could point to in an effort to display "heat-of-passion" circumstances.
¶ 13. In any event, the Mississippi Supreme Court held that an erroneous instruction as to manslaughter is not prejudicial to an accused who was convicted of murder. Busby v. State, 177 Miss. 68, 170 So. 140, 143 (1936). Here, of course, Dobbins was convicted of murder. In light of the evidence presented, this Court cannot find reversible error. Accordingly, the judgment of the lower court is hereby, Affirmed.
¶ 14. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.